Aug 2, 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**13-80153-CR-RYSKAMP/HOPKINS**

CASE NO. _____

18 U.S.C. § 1344
18 U.S.C. § 2

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TIMOTHY P. McCABE,

    Defendant.

_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Defendant **TIMOTHY P. McCABE** was licensed by the state of Florida as a lawyer and practiced law at a firm in Lake Worth, Florida, and also acted as a title agent and real estate closing agent. Defendant **TIMOTHY P. McCABE** created, registered and co-owned, with his law partner, City Title LLC, a Florida corporation located in West Palm Beach and Lake Worth, Florida. The law firm had IOLTA trust account XXX-XXX6358 at TD Bank.

2. Defendant **TIMOTHY P. McCABE** used City Title LLC to receive and disburse monies obtained from mortgage lenders on behalf of buyers, sellers and

refinancers for real estate transactions. City Title LLC had escrow account XXXXXXXXX9238 at SunTrust Bank.

3. Waterstone Mortgage Corporation, Coldwell Banker Home Loans and Quicken Loans Inc., were mortgage lending businesses that were financial institutions, as defined at Title 18, United States Code, Section 20(10), that provided mortgage money for real estate transactions.

4. IBM Southeast Employees Federal Credit Union Association was a credit union whose deposits were insured by the National Credit Union Share Insurance Fund (NCUSIF) and was a financial institution, as defined at Title 18, United States Code, Section 20(2), that provided mortgage money for real estate transactions.

5. A Housing and Urban Development Form 1 (known as a HUD-I) is a form used by the settlement agent (also called the closing agent) to itemize all charges imposed on a borrower and seller for real estate transactions.

## COUNTS ONE THROUGH FIVE
## FRAUD ON A FINANCIAL INSTITUTION
### (18 U.S.C. § 1344)

6. Paragraphs 1 through 5 of the General Allegations section of this Information are realleged and incorporated by reference as though fully set forth herein.

7. Beginning at least as early as August 30, 2012, the exact date being unknown, and continuing through on or about April 2, 2013, at Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**TIMOPTHY P. McCABE,**

did knowingly, and with intent to defraud, execute and cause the execution of a scheme and artifice to defraud one or more financial institutions, including, Waterstone Mortgage Corporation, Coldwell Banker Home Loans, Quicken Loans Inc. and IBM Southeast Employees Federal Credit Union Association, which scheme and artifice employed one or more material falsehoods, and did knowingly and with the intent to defraud execute and cause the execution of a scheme and artifice to obtain any of the monies and funds owned by, and under the custody and control of one or more of the above listed financial institutions, by means of false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1), 1344(2) and 2.

## OBJECT OF THE ARTIFICE AND SCHEME TO DEFRAUD

7. It was the object of the scheme and artifice to defraud for the defendant, **TIMOTHY P. McCABE**, to unlawfully enrich himself by, among other things, making false and fraudulent representations to one or more financial institutions concerning the disbursement of mortgage monies entrusted to City Title LLC in order to fraudulently obtain and use for his own benefit such monies.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

8. The manner and means by which defendant **TIMOTHY P. McCABE** sought to accomplish the scheme and artifice to defraud included the following:

   a. **TIMOTHY P. McCABE** agreed to be the title agent and closing agent for real estate transactions in the Southern District of Florida and to disburse the mortgage proceeds as required by the buyers' and refinancers' mortgage lenders.

b.      **TIMOTHY P. McCABE** prepared and caused the preparation of preliminary HUD-1 forms that stated the mortgage proceeds received from buyers' and refinancers' mortgage lenders would be used to satisfy sellers' mortgages and refinanced mortgages, and to pay county property tax bills, real estate commissions and sellers' proceeds.  These preliminary HUD-1 forms were provided to the buyers' and refinancers' mortgage lenders, including Waterstone Mortgage Corporation, Coldwell Banker Home Loans, Quicken Loans Inc. and IBM Southeast Employees Federal Credit Union Association, to induce the distribution of monies to City Title LLC to conduct the closings.

c.      Relying on the preliminary HUD-1s provided by **TIMOTHY P. McCABE** the mortgage lenders wire transferred mortgage monies to the City Title LLC escrow account for the purpose of closing real estate transactions.  Only a small portion of the mortgage monies entrusted to City Title LLC were used to pay the costs associated with the closings.

d.      Contrary to the representations made on the HUD-1s, **TIMOTHY P. McCABE** transferred most of the mortgage proceeds from the City Title LLC escrow accounts to the law firm IOLTA trust account and then used these monies for his personal benefit, that is, to pay personal and business expenses.

e.      To conceal the fact that he had used the mortgage monies for his own benefit, **TIMOTHY P. McCABE** sent the financial institutions final HUD-1s which falsely represented that the payments had been made as stated on the HUD-1s.

f.      From at least as early as August 30, 2012, the exact date being unknown, and continuing through on or about April 2, 2013, **TIMOTHY P. McCABE** obtained more than $3.6 million of mortgage monies from approximately 20 separate

closings which he did not disburse as stated on HUD-1 forms and instead used for his personal and business expenses.

## EXECUTION OF THE SCHEME TO DEFRAUD

8.  On or about the dates specified as to each Count below, in the Southern District of Florida and elsewhere, the defendant did execute and cause the execution of the scheme and artifice to defraud by making materially false statements, as more particularly described in each Count set forth below:

| COUNT | DATE | DESCRIPTION OF ACT IN EXECUTION OF THE SCHEME AND ARTIFICE |
|---|---|---|
| 1 | August 30, 2012 | The Defendant prepared and submitted to Quicken Loans Inc. a HUD-1 form for a property located at 131 Driftwood Circle, Atlantis, Florida, which falsely stated that mortgage money obtained from Quicken Loans Inc. for refinancing a mortgage on the property was paid to Seterus Inc. to satisfy the outstanding mortgage in the amount of $184,116.12. |
| 2 | September 24, 2012 | The Defendant prepared and submitted to Waterstone Mortgage Corporation a HUD-1 form for a property located at 2454 Henrietta Ct, Lantana, Florida, which falsely stated that mortgage money obtained from Waterstone Mortgage Corporation for refinancing a mortgage on the property was paid to JP Morgan Chase Bank NA to satisfy the outstanding mortgage in the amount of $157,898.99. |
| 3 | October 22, 2012 | The Defendant prepared and submitted to IBM Southeast Employees Federal Credit Union Association a HUD-1 form for a property located at 6840 Eastview Drive, Lantana, Florida, which falsely stated that mortgage money obtained from IBM Southeast Employees Federal Credit Union Association for refinancing a mortgage on the property was paid to Bank of America NA to satisfy the outstanding mortgag in the amount of $98,435.40. |

| | | |
|---|---|---|
| 4 | November 14, 2012 | The Defendant prepared and submitted to Waterstone Mortgage Corporation a HUD-1 form for a property located at 6764 Silver Ridge Lane, Greenacres, Florida, which falsely stated that mortgage money obtained from Waterstone Mortgage Corporation for refinancing a mortgage on the property was paid to NorthStar Mortage LLC to satisfy the outstanding mortgage in the amount of $137,062. |
| 5 | March 25, 2013 | The Defendant prepared and submitted to Coldwell Banker Home Loans a HUD-1 form for a property located at 1534 Windship Circle, Wellington, Florida, which falsely stated that mortgage money obtained from Coldwell Banker Home Loans for the purchase of the property was paid to Joel R. Lavender P.A. Profit Sharing Plan to satisfy the seller's outstanding mortgage in the amount of $81,773.33. |

All in violation of Title 18, United States Code, Sections 1344(1), 1344(2) and 2.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

TIMOTHY P. McCABE,

        **Defendant.**
_____/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division**: (Select One)

___ Miami    ___ Key West
___ FTL    _X_ WPB    ___ FTP

New Defendant(s)    Yes ___ No ___
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    NO
   List language and/or dialect

4. This case will take 10 ___ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    0 to 5 days    ___
   II    6 to 10 days    X
   III    11 to 20 days    ___
   IV    21 to 60 days    ___
   V    61 days and over    ___

   (Check only one)
   Petty ___
   Minor ___
   Misdem. ___
   Felony X

6. Has this case been previously filed in this District Court? (Yes or No)    NO
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)    YES
   If yes:
   Magistrate Case No.    13-8307-DLB
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of    JUNE 20, 2013
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)    NO

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes    X No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes    X No

                                        _____
                                        ELLEN L. COHEN
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Florida Bar No./Court No. 0739472

*Penalty Sheet(s) attached                                                                            REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** TIMOTHY P. McCABE

**Case No:**

Counts #: 1 through 5

  Fraud on a financial institution

  Title 18, United States Code, Section 1344

\* **Max.Penalty**: up to 30 years imprisonment, up to 5 years supervised release, up to $1 million fine or twice the loss or gain from the crime, whichever is greater (in this case approximately @7.2 million or more) and up to $500 of special assessments.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**